# Bank *against* Green.

One who had been a stockholder in a solvent bank and assigned his stock to the bank in payment of a debt due by him, is a competent witness in an action by the bank.

ERROR to the common pleas of *Dauphin* county.

This was an action by the Bank of Swatara against Innis Green, founded on his indorsement of a note.

The plaintiffs, to maintain the issue on their part, offered to prove by George Fisher, Esq. the following facts, to wit : "That the note now in suit, was put in suit by him for the Bank of Swatara, and that he has had repeated conversations with Innis Green, defendant, in relation to this note, and the matter of those conversations, when he admitted his liability on this note to his full amount, and that he never complained of not having received notice of the protest or non payment of the note."

To which offer, so made by plaintiff's counsel, the counsel for defendant objected, on the ground that Mr Fisher was a stockholder in the Swatara Bank, therefore incompetent. When the said George Fisher was affirmed on his *voir dire*, and testified as follows :

"I was a stockholder in the Swatara Bank to the amount of one hundred shares, 25 dollars paid in on each share. I am not now a stockholder. I gave the bank my stock when I took up my note in 1821, when the bank had thought it advisable to close the bank."

When John Nelson, cashier of the Swatara Bank, testified as follows:

"Enough due to the bank to pay all the stockholders the principal : can't say enough to pay the interest : not sure that there will be enough recovered to pay principal : something less than 4000 dollars due stockholders : Campbell owes upwards of 5000 dollars."

George Fisher, Esq., the witness, was objected to on account of his interest in the institution ; but the court, on argument, decided that he was a competent witness, and ordered him to be sworn in chief, which was so done, and witness gave evidence ; to which decision of the court the counsel for the defendant excepted.

Plaintiffs further offered Obed Fahnestock, Esq. as a witness, when the counsel for defendant objected, because he was a stockholder in the Swatara Bank ; whereupon the said Obed Fahnestock was affirmed on his *voir dire* and testified as follows, to wit:

"I was a stockholder in the Swatara Bank : can't tell the number of shares I had : I am not a stockholder : my stock has been surrendered to the bank : they paid me my stock : I took a note on other men : can't tell the exact sum : a note on Jacob and John Wormley :

[Bank v. Green.]

I have no claim for any thing more : those left behind who were not paid get surplus, if any, and pay deficiency should it occur : good many stockholders refused to take notes : can't tell whether a number of stockholders did not come to take notes or refuse to take : all that my stock amounted to I got in that way."

When John Nelson, cashier of the Swatara Bank, was called and testified as follows :

" I laid a statement of bank before stockholders the 1st of February 1822 : it was supposed there would be a surplus from nominal amount : there appeared to be more due to the bank than sufficient to pay the stockholders : the stockholders have not yet been paid : there has not yet been enough to pay those stockholders who were not paid by taking notes : when the money yet due is collected it will go into a fund to pay those stockholders not yet paid : the first resolution of board of directors on the 1st of February 1822."

The court overruled the objection, and sealed a bill of exceptions.

The plaintiffs offered in evidence the deposition of Mordecai M'Kinney, with proof of service of notice to take the same on Samuel Douglass, the attorney for defendant : when the counsel for defendant objected that notice of taking depositions should have been served on the defendant, as he resided in Dauphin county, and that notice to his counsel was not sufficient in law ; but the court overruled the objection.

The plaintiffs offered in evidence the deposition of Mordecai M'Kinney of which the following is a copy.

" Mordecai M'Kinney, Esq., being duly sworn according to law, doth depose and say, that the original note on which the above stated suit was brought was a renewal, and was discounted at the Swatara Bank for 350 dollars ; William Ayres being the drawer, and his father, John Ayres, the indorser, or *vice versa.* When this note became due, William Ayres brought a note to the bank for 450 dollars, and offered it in renewal of the above note : the board refused to discount it unless he would give another approved indorser. He took said note from the bank and returned it with the name of Innis Green, one of the defendants, as indorser : there never was, to my knowledge, any proposition by William Ayres, or any other person, that Innis Green should be liable for 100 dollars only. *That he, Innis Green, was considered and accepted by the bank as liable for the whole.* Deponent says that he has a perfect recollection of the whole transaction, *and that he recollects telling the board of directors, after the note with the name of Innis Green was received, that the money was now secure.*"

The counsel for the defendant objected to the parts of the above deposition which are italicised ; but the court on argument overruled this objection, and directed the whole deposition to be read in evidence : to which opinion of the court the defendant excepted.

*M'Clure* and *Elder*, for plaintiff in error.

*Harris*, for defendant in error.

PER CURIAM.—The intervention of creditors might affect the competency of an original subscriber, who certainly could not get rid of his contract of subscription by assigning his stock in payment of his debts, especially to the bank itself. The specific powers of a court of chancery would reach such a case; and the only difficulty with us would be to reach it with our limited means: but there were in fact no creditors to be satisfied. The debts of the bank were paid, and it was barely doubtful whether it was not whole even as to the capital stock. The business then was to divide, and not to call in; so that it was impossible that the subscribers could be called on for any thing; and having parted with their right to receive, they stood entirely indifferent. As to the deposition of Mordecai M'Kinney, it is sufficient to say, that the matters objected to were clearly competent as part of the *res gesta*.

Judgment affirmed.